Ann Marie **CROCKETT**, Respondent,

v.

**MILLERS MUTUAL INSURANCE ASSOCIATION OF ILLINOIS,**
Appellant.

No. 81–1189.

Supreme Court of Minnesota.

Aug. 27, 1982.

Austin, Roth, Sunde, McDonough & Tierney, Minneapolis, for appellant.

Arthur, Chapman & Michaelson, Robert W. Kettering, Jr., and Andrea F. Rubenstein, Minneapolis, for respondent.

WAHL, Justice.

█ This litigation arises out of the death of Laurence Mathews Crockett in a one-car accident on January 18, 1980, at Shakopee, Minnesota. His widow, respondent Ann Marie Crockett, claims reimbursement for medical and funeral expenses and survivor's economic loss benefits from her automobile insuror, appellant Millers Mutual Insurance Association of Illinois (Millers). The trial court found that Ann Crockett sustained a loss of $10,000 in income which decedent would have contributed to her but for his death. Millers appeals. We hold that the record supports a finding that decedent's dependent would have received support from him had he lived, and affirm.

The evidence showed that Larry Crockett was employed as a taxi driver for most of the time he and Ann were married and living together and that he contributed his income to their joint support. Ann testified that, "He [Larry] was contributing as much or more than I was to our family income." Although Larry had been separated from Ann for a time and was unemployed at the time of the accident itself, he had accepted a job truck-driving for Ann's brother, a job which was to begin in February 1980, just a few weeks after the accident. He would have earned $20,000–$30,000 per year truck-driving. The fact that Larry moved the couple's furniture and belongings from San Francisco to Ann's residence in Minneapolis corroborates Ann's testimony that he in-tended to carry through on his plan to live permanently with Ann and to go to work truck-driving with her brother.

█ The trial court found, on the basis of this evidence, that Ann was dependent under the statute.

[T]he following described persons shall be presumed to be dependents of a deceased person: (a) a wife is dependent on a husband with whom she lives at the time of his death * * *. Questions of the existence and the extent of dependency shall be questions of fact, considering the support regularly received from the deceased.

Minn.Stat. § 65B.44, subd. 6 (1980). It is the duty of this court to uphold such a finding unless it is "manifestly and palpably contrary to the evidence." *Caroga Realty Co. v. Tapper*, 274 Minn. 164, 170, 143 N.W.2d 215, 220 (1966). This is especially true when, as in this case, the finding is based on the credibility of witnesses that only the trial court has an opportunity to evaluate.

[W]e * * * should be guided by the fact that much must necessarily be left to the sound judgment and discretion of [the trial] court, which has the advantages, not possessed here, of observing the witnesses, fully hearing their testimony, and thus acquiring a thorough familiarity with all the circumstances of the controversy.

*Id.*

Affirmed.